

1    Catherine Valerio Barrad (SBN 168897)
     cbarrad@sidley.com
2    Christine K. Son (SBN 223190)
     cson@sidley.com
3    SIDLEY AUSTIN LLP
     555 West Fifth Street, Suite 4000
4    Los Angeles, California  90013-1010
     Telephone: (213) 896-6000
5    Facsimile: (213) 896-6600

6
     Attorneys For Defendant
7    Bayer Pharmaceuticals Corporation

8

9                    **UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10                        **SAN FRANCISCO DIVISION**

11   LUPE DE LEON and ANNA MACIAS    )    Case No.
12   DE LEON,                        )    CV 07        6206
                                     )
13              Plaintiffs,          )    **DEFENDANT BAYER**
                                     )    **PHARMACEUTICALS**
14        v.                         )    **CORPORATION'S NOTICE OF**
                                     )    **REMOVAL**
15                                   )
     BAYER PHARMACEUTICAL           )
16   CORPORATION; DOES ONE through   )
     ONE HUNDRED, and each of them,  )
17                                   )
18              Defendants.          )
                                     )
19                                   )
                                     )
20   _____     )

21

22            Defendant Bayer Pharmaceuticals Corporation (improperly named in the

23   Complaint as "Bayer Pharmaceutical Corporation"), through undersigned counsel,

24   hereby removes this action from the Superior Court of the State of California, County

25   of San Francisco, to the United States District Court for the Northern District of

26   California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows in

27   support of this Notice of Removal:

28            Plaintiffs Lupe De Leon and Anna Macias De Leon filed this action in the

---

**NOTICE OF REMOVAL**
**DE LEON ET AL. V. BAYER PHARMACEUTICALS CORPORATION**

1    Superior Court of the State of California, County of San Francisco.  The Complaint

2    asserts claims under theories of products liability including general negligence, strict

3    liability, and breach of implied warranty; intentional tort; and fraud including

4    negligent and intentional misrepresentation and concealment.  The Complaint names

5    as defendants Bayer Pharmaceuticals Corporation and one hundred unknown parties

6    designated by the fictitious name "Doe."  Plaintiffs seek unlimited economic damages

7    as well as punitive damages.  Plaintiffs' allegations relate to the prescription

8    pharmaceutical aprotinin injection, which has the proprietary name Trasylol®.

9    As more fully set out below, this case is properly removed to this Court

10    pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal are

11    satisfied and this Court has subject matter jurisdiction over this action pursuant to 28

12    U.S.C. § 1332.

13    **I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE**

14    **SATISFIED.**

15    1.    Plaintiffs' Complaint was served on Bayer Pharmaceuticals

16    Corporation on or after November 28, 2007.  Accordingly, this Notice of Removal is

17    timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing,*

18    *Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of

19    formal service).

20    2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings,

21    orders, and other papers received by Bayer Pharmaceuticals Corporation, including

22    plaintiffs' Complaint, are attached as Exhibit A.  A copy of the Answer of Bayer

23    Pharmaceuticals Corporation, as filed in the Superior Court of the State of California,

24    County of San Francisco, is attached as Exhibit B.

25    3.    The United States District Court for the Northern District of

26    California, San Francisco Division, embraces the county in which the state court

27    action is now pending, and thus this Court is a proper forum for this action under 28

28

1  U.S.C. §§ 84(a) and 1441(a).

2       4.    No previous application has been made for the relief requested in

3  this removal.

4       5.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal

5  is being served on plaintiffs' counsel and a copy is being filed with the Clerk of the

6  Superior Court of the State of California, County of San Francisco.

7       6.    If any question arises regarding the propriety of the removal of this

8  action, Bayer Pharmaceuticals Corporation respectfully requests the opportunity to

9  present a brief and oral argument in support of the position that this case is removable.

10  ## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT
11         MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

12       1.    This Court has original subject matter jurisdiction pursuant to 28

13  U.S.C. § 1332 because this is a civil action between citizens of different states in

14  which the amount in controversy exceeds $75,000, exclusive of costs and interest.

15  ### A.   Complete Diversity of Citizenship Exists.

16       2.    There is complete diversity between the parties.  Plaintiffs are

17  citizens of California, and Bayer Pharmaceuticals Corporation is a citizen of

18  Connecticut and of Delaware.  No party properly joined as a defendant is a citizen of

19  California.

20       3.    Upon information and belief, plaintiffs are citizens of California

21  who have allegedly sustained their injuries in California and sought medical treatment

22  in California.  Compl. at 2, 5.  Moreover, in July 2007, plaintiffs' counsel gave a press

23  interview, which stated that plaintiffs are residents of California.  *See* Alisa Knife-

24  Duncan, Bayer Blamed For Coma, San Francisco Daily, July 25, 2007 (attached as

25  Exhibit C).

26       4.    Bayer Pharmaceuticals Corporation is a Delaware corporation with

27  its principal place of business in Connecticut.  *See* Compl. 1 (alleging that Bayer

28

1  Pharmaceuticals Corporation is "a Delaware corporation); Exhibit D (California

2  Secretary of State website information for Bayer Pharmaceuticals Corporation, current

3  as of Nov. 30, 2007).  Bayer Pharmaceuticals Corporation is therefore a citizen of

4  Delaware and Connecticut.  *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed

5  to be a citizen of any State by which it has been incorporated and of the State where it

6  has its principal place of business").

7          5.      The identities of the remaining defendants are unknown, and they

8  are designated in the Complaint by the fictitious name "Doe."  Compl. 1.  The

9  citizenship of these defendants is therefore disregarded for purposes of removal.  *See*

10  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of

11  defendants sued under fictitious names shall be disregarded.").

12  **B.      The Amount in Controversy Requirement Is Satisfied.**

13          1.      It is apparent from the face of the Complaint that the amount in

14  controversy in this wrongful death case exceeds $75,000, exclusive of costs and

15  interest.

16          2.      The Complaint alleges that Plaintiff Lupe De Leon was

17  administered Trasylol® while undergoing cardiac surgery on May 18, 2005, and, as a

18  result, "nearly died."  Compl. 6.  The Complaint alleges that Mr. De Leon "had

19  numerous complications, including a coma, myocardial infraction [sic], renal failure,

20  pulmonary failure, anaphlatic [sic] shock and other complications."  *Id.* at 7.  Plaintiffs

21  further allege continuing injuries including that Mr. De Leon's "health has been

22  compromised, and his ability to survive, and to be gainfully employed, has been

23  compromised as has every aspect of his life."  *Id.*  The Complaint also alleges that

24  Plaintiff Anna Macias De Leon has allegedly been "subjected to great and grievous

25  harm and personal injury herself."  *Id.* at 10.  Plaintiffs allegedly have incurred "wage

26  loss, hospital and medical expenses, general damage, and loss of earning capacity."

27  *Id.* at 3.  The Complaint seeks "unlimited," *id.* at 1, compensatory and punitive"

28

1    damages according to proof, in sums in excess of the $25,000 jurisdictional limit of

2    the Superior Court. *Id.*

3          3.    When a complaint does not allege a specific amount of damages,

4    "the district court may consider whether it is 'facially apparent' from the complaint

5    that the jurisdictional amount is in controversy." *Singer* v. *State Farm Mut. Auto. Ins.*

6    *Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen* v. *R & H Oil & Gas Co.*, 63 F.3d

7    1326, 1335-36 (5th Cir. 1995)); *see also Simmons* v. *PCR Tech.*, 209 F. Supp. 2d

8    1029, 1031 (N.D. Cal. 2002) ("The district court determines . . . first . . . whether it is

9    'facially apparent' from the complaint that the jurisdictional amount has been

10   satisfied."); *see also Allison* v. *Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th

11   Cir. 1992) (punitive damages are properly considered in calculating the amount in

12   controversy).

13         4.    In view of the damages requested and the injuries alleged, the

14   amount in controversy plainly exceeds $75,000 exclusive of costs and interests. *See*

15   *Luckett* v. *Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (removal proper

16   where it is facially apparent that amount in controversy exceeds $75,000); *see also In*

17   *re Diet Drug (Phentermine / Fenfluramine / Dexfenfluramine) Prod. Liab. Litig.*, No.

18   MDL-1203, Pretrial Order No. 1266, 2000 WL 556602 (E.D. Pa. April 25, 2000)

19   (denying multiple motions to remand where plaintiffs seek compensatory and punitive

20   damages for serious injuries, complaint states that plaintiff is not seeking more than

21   $75,000, and plaintiff refuses to stipulate to less than $75,000 in recovery).  Where

22   liability is established, cases with injuries like those alleged here often result in

23   verdicts of substantially more than $75,000. *See, e.g., Jastrab* v. *Kelada*, 2007 WL

24   1557267 (El Dorado County, Mar. 2007) ($3,412,000 in medical malpractice action

25   where plaintiff suffered, *inter alia*, respiratory and kidney failure); *Prinz* v. *Babb*,

26   2006 WL 3848814 (Shasta County, Dec. 2006) ($3,176,598 in medical malpractice

27   action where plaintiff had a stroke that left him partially paralyzed); *Hagen* v. *Fox*

28

1 *Nutrition, Inc.*, 2004 WL 3202924 (Los Angeles County, Aug. 2004) ($4.1 million in

2 products liability action in which plaintiff who took ephedra-based energy supplement

3 was in a coma for several weeks and rendered permanently disabled); *Lopez v.*

4 *Bernstein*, 2002 WL 31996625 (Los Angeles County, June 2002) ($799,000 in

5 medical malpractice action where plaintiff was in a coma for 14 hours); *see also Yount*

6 *v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006) (stating that amount in

7 controversy requirement is satisfied where plaintiff alleges "permanent and disabling

8 injuries and pain and suffering, and that he has incurred and will continue to incur

9 significant medical expenses and loss of income").

10          5.          Thus, based on the allegations in plaintiffs' Complaint, it is facially

11 apparent that the amount in controversy substantially exceeds the jurisdictional

12 minimum of 28 U.S.C. § 1332.

13

14          WHEREFORE, Defendant Bayer Pharmaceuticals Corporation removes

15 this action from the Superior Court of the State of California, County of San

16 Francisco, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

17

18 Dated: December **6**, 2007                    SIDLEY AUSTIN LLP
                                                Catherine Valerio Barrad
19                                              Christine K. Son

20

21          By: _____

22                                              Christine K. Son
                                                Attorneys for Defendant Bayer
23                                              Pharmaceuticals Corporation

24

25

26

27

28

**NOTICE OF REMOVAL**
**DE LEON ET AL. V. BAYER PHARMACEUTICALS CORPORATION**

**EXHIBIT A**

# NOTICE TO PLAINTIFF

A Case Management Conference is set for

**DATE:** *10-19-07  # off calander*

**TIME:** 9:00AM

**PLACE:** Department 212
400 McAllister Street
San Francisco, CA 94102-3680

*OSC Set for
12-3-07
D. 212
1:30pm*

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 **twenty-five (25) days before** the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

03:08 2006 01:17 FAX                                                                    @002

SUM-100

## SU    ONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

BAYER PHARMACEUTICAL CORPORATION, a Delaware
corporation; DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**

LUPE DE LEON; ANNA MACIAS DE LEON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** *(Número del Caso)* |
| *(El nombre y dirección de la corte es):* | 07 - 463504 |

Superior Court, Unlimited Jurisdiction, City and County of San Francisco
400 McAllister Street
San Francisco, CA   94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jo Ann Kingston, Esq. (SB# 71496)     510-530-7800; fax: 510-530-7898
4200 Park Blvd., #271
Oakland, CA   94602

DATE:  5/17/07          Gordon Park-Li    Clerk, by  Christina E. Rauts , Deputy
*(Fecha)*               *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Bayer Pharmaceutical Corporation
3. ☒ on behalf of *(specify):*  A Delaware Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  11/28/07

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 417.10, 465

De Leon v. Bayer, et al.

03-08-2000 01:17 FAX                                                                    ☒ 001

MAY. 17. 2007  2:30PM     LAW OFFICES                          NO 645    P. 4    PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Jo Ana Kingston (SA#: 72496)
  4200 Park Blvd., #271
  Oakland, CA 94602

TELEPHONE NO.: 510-530-7800          FAX NO. (Optional): 510-530-7238
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Strset
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

PLAINTIFF: Lupe De Leon; Anna Macias De Leon

DEFENDANT: Bayer Pharmaceutical Corporation, a
           Delaware Corporation
☒ DOES 1 TO  100

ENDORSED
FILED
San Francisco County Superior Courts
MAY 1 7 2007
GORDON PARK-LI, Clerk
BY: _____ CRISTINA R. BAUTISTA
                        Deputy Clerk

OCT 1 8 2007  8:00AM
DEPARTMENT 212

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE    ☒ OTHER (specify):  Products Liability
  ☐ Property Damage     ☐ Wrongful Death
  ☒ Personal Injury     ☐ Other Damages (specify):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded  ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:
CGC07- 463504

1. Plaintiff (name or names): Lupe De Leon; Anna Macias De Leon
   alleges causes of action against defendant (name or names): Bayer Pharmaceutical Corporation, A
   Delaware corporation, Does 1 to 100
2. This pleading, including attachments and exhibits, consists of the following number of pages:  10
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

BY FAX

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 1 of 3
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

De Leon v. Bayer
0042676.9-5/17/2007 2:14:23 PM

| SHORT TITLE | | CASE NUMBER | PLD-PI-001 |
|---|---|---|---|
| De Leon v. Bayer, et al. | | | |

4. [ ] Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [X] except defendant (name):

**Bayer Pharmaceutical Corporation**

  (1) [ ] a business organization, form unknown
  (2) [X] a corporation
  (3) [ ] an unincorporated entity (describe):

  (4) [ ] a public entity (describe):

  (5) [ ] other (specify):

c. [ ] except defendant (name):

  (1) [ ] a business organization, form unknown
  (2) [ ] a corporation
  (3) [ ] an unincorporated entity (describe):

  (4) [ ] a public entity (describe):

  (5) [ ] other (specify):

b. [ ] except defendant (name):

  (1) [ ] a business organization, form unknown
  (2) [ ] a corporation
  (3) [ ] an unincorporated entity (describe):

  (4) [ ] a public entity (describe):

  (5) [ ] other (specify):

d. [ ] except defendant (name):

  (1) [ ] a business organization, form unknown
  (2) [ ] a corporation
  (3) [ ] an unincorporated entity (describe):

  (4) [ ] a public entity (describe):

  (5) [ ] other (specify):

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. [X] Doe defendants (specify Doe numbers): 1 to 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. [X] Doe defendants (specify Doe numbers): 51 to 100 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. The court is the proper court because

  a. [ ] at least one defendant now resides in its jurisdictional area.

  b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area

  c. [X] injury to person or damage to personal property occurred in its jurisdictional area

  d. [ ] other (specify):

9. [ ] Plaintiff is required to comply with a claims statute, and

  a. [ ] has complied with applicable claims statutes, or

  b. [ ] is excused from complying because (specify):

| SHORT TITLE: | | PLD-PI-001 |
|---|---|---|
| De Leon v. Bayer, et al. | NUMBER: | |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached).
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other (specify):
          Punitive Damages;
          Fraud

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage (specify):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
     (2) ☒ punitive damages
   The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
     (1) ☒ according to proof
     (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date   5/16/07

Jo Ann Kingston _____ 5/16/07 ▸ (signature) _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

SHORT TITLE:

De Leon v. Bayer Pharmaceutical, et al.

CASE NUMBER:

PLD-PI-0010

FIRST
(number)

**CAUSE OF ACTION- Products Liability**

Page __6__

ATTACHMENT TO [X] Complaint ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

Plaintiff (name): Lupe De Leon; Anna Macias De Leon

Prod.L-1. On or about (date): May 18, 2005 _____ plaintiff was injured by the following product

Aprotinin, also known as Trasylol.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The
product was defective when it left the control of each defendant. The product at the time of injury was
being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod.L-3. Plaintiff was a
[X] purchaser of the product. [X] user of the product.
☐ bystander to the use of the product. [X] other (specify):

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4. [X] Count One-Strict liability of the following defendants who
a. [X] manufactured or assembled the product (names):
Bayer Pharmaceutical Corporation

[X] Does _1-25_ to _51-75_
b. ☐ designed and manufactured component parts supplied to the manufacturer (names):

☐ Does _____ to _____
c. [X] sold the product to the public (names):

[X] Does _26-50_ to _76-100_

Prod.L-5. [X] Count Two-Negligence of the following defendants who owed a duty to plaintiff (names):
Bayer Pharmaceutical Corporation

[X] Does _1_ to _100_

Prod.L-6. [X] Count Three-Breach of warranty by the following defendants (names):
Bayer Pharmaceutical Corporation

[X] Does _1_ to _100_
a. [X] who breached an implied warranty
b. ☐ who breached an express warranty which was
☐ written ☐ oral

Prod.L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod.L-7 [X] as follows:
Bayer Pharmaceutical Corporation, Does 1 to 100, inclusive

Form Approved for Optional Use
Judicial Council of California
982(b)(17) [Rev. January 1, 2007]

**CAUSE OF ACTION - Products Liability**

Code of Civil Procedure § 425.12
www.stanfords.ca.gov

Page 1 of 1

De Leon v. Bayer et al

| SHORT TITLE | | NUMBER: | PLD-PI-001(3) |
|---|---|---|---|
| Lupe De Leon v. Bayer, et al. | | | |

SECOND
(number)

## CAUSE OF ACTION- Intentional Tort

Page 5

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

(Use a separate cause of action form for each cause of action.)

IT-1. Plaintiff (name): Lupe De Leon; Anna Macias De Leon

alleges that defendant (name): Bayer Pharmaceutical Corporation, a Delaware Corporation

[X] Does __1__ to 100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damages to plaintiff
on (date): May 18, 2005
at (place): Kaiser Hospital, in San Francisco, California.

(description of reasons for liability):
At the time that Aprotinin, also known as Trasylol, was given to Lupe De Leon on May 18, 2005, the defendants, and each of them, knew that said drug contained far greater than reasonable risks, was defective, was not appropriate for high risk patients, in that they knew prior to that date, and failed to advise medical professionals prior to that date, and the public prior to that date, that the drug known as Aprotinin carried a high risk of renal failure, heart failure, death and Anaphlatic shock, Bayer announced this publicly at some subsequent date to the surgery, and apologized that it did not reveal this information at an earlier time when it was known to them, which was years prior to the time that Lupe De Leon had his cardio myothathy surgery.

In doing the acts herein alleged, defendants, and each of them, did violate California Business & Professions Codes Section 17200 et seq., 17500 et. seq. and California Civil Code Section 1750 et seq.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) (Rev. January 1, 2007)

CAUSE OF ACTION - Intentional Tort

Page 1 of 1

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

De Leon v. Bayer, et al.

**SHORT TITLE**

Lupe De Leon v. Bayer, et al.

**NUMBER**

PLD-C-001(3)

___THIRD___
(Number)

## CAUSE OF ACTION- Fraud

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):*  Lupe De Leon; Anna Macias De Leon

alleges that defendant *(name):* Bayer Pharmaceutical Corporation, a Delaware
                                  Corporation
on or about *(date):*  5-18-2005          defrauded plaintiff as follows

FR-2. [X] Intentional or Negligent Misrepresentation

    a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
Defendants impliedly represented that the above described
drug was suitable and appropriate for plaintiff's use.

    b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows
That said drug was not appropriate, was not suitable, and
the plaintiff Lupe De Leon nearly died.

    c. When defendant made the representations,
      [X] defendant knew they were false, or
      [ ] defendant had no reasonable ground for believing the representations were true.

    d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item
    FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were
    true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] Concealment

    a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:
Defendants knowingly and intentionally failed to disclose that their
studies reflected that said drug was inappropriate and unsuitable for
plaintiff to use during surgery.

    b. Defendant concealed or suppressed material facts
      [X] defendant was bound to disclose.
      [ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or
      suppressed facts.

    c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as de-
    scribed in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts
    and would not have taken the action if plaintiff had known the facts.

Page ___6___

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION- Fraud**

Page 1 of 3

Code of Civil Procedure, § 425.10
www.courtinfo.ca.gov

De Leon v. Bayer, et al.

| SHORT TITLE: | | |
|---|---|---|
| Lupe De Leon v. Bayer, et al. | # NUMBER: | PLD-C-001(3) |

THIRD
(NUMBER)                    **CAUSE OF ACTION- Fraud**

FR-4. ☐  **Promise Without Intent to Perform**

    a.  Defendant made a promise about a material matter without any intention of performing it    ☐  as stated
in Attachment FR-4.a  ☐  as follows:

    b.  Defendant's promise without any intention of performance was made with the intent to defraud and in-
duce plaintiff to rely upon it and to act as described in item FR-5.  At the time plaintiff acted, plaintiff was
unaware of defendant's intention not to perform the promise.  Plaintiff acted in justifiable reliance upon
the promise.

FR-5.  In justifiable reliance upon defendant's conduct, plaintiff was induced to act  ☐  as stated in Attachment FR-5
☒  as follows:

    Plaintiff was given the drug during surgery and had
    numerous complications, including a coma, myocardial
    infraction, renal failure, pulomnary failure, anaphlatic
    shock and other corplications.

FR-6.  Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged  ☐  as stated in
Attachment FR-6  ☒  as follows:

    Plaintiff's health has been compromised, and his ability to
    survive, and to be gainfully employed, has been compromised,
    as has every aspect of his life.

FR-7.  Other:

Page ___7___

| SHORT TITLE | | PLD-PI-001(2) |
|---|---|---|
| Lupe De Leon v. Bayer, et al. | C NUMBER | |

---

**Fourth**      **CAUSE OF ACTION– General Negligence**    Page ___
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN 1 Plaintiff (name): Lupe De Leon

      alleges that defendant (name): Bayer Pharmaceutical Corporation, a Delaware
Corporation

     ☒ Does ___1___ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on (date): May 18, 2005
at (place): Kaiser Hospital, in San Francisco, California.

(description of reasons for liability):
Plaintiff refers to and incorporates herein by said reference
each of the foregoing causes of action.

Plaintiff is informed and believes, and thereupon alleges,
that in doing the things herein alleged, the defendants, and
each of them, acted negligently, to plaintiff's damage.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION– General Negligence**

Page 1 of 1
Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

De Leon v. Bayer, et al.

| SHORT TITLE: | NUMBER: | PLD-PI-001(2) |
|---|---|---|
| Lupe De Leon v. Bayer, et al. | | |

**Fifth**    CAUSE OF ACTION- General Negligence    Page __10__
(Number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

GN-1. Plaintiff (name): Anna Macias De Leon

alleges that defendant (name): Bayer Pharmaceutical Corporation, a Delaware
Corporation

☒ Does __1__ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on (date): May 18, 2005
at (place): Kaiser Hospital, in San Francisco, California.

(description of reasons for liability) :
Plaintiff, Anna Macias De Leon, was at the time the
fiancee of plaintiff, Lupe De Leon, whom she married in
October, 2005. She was involved in a very close and loving
relationship, and was at the hospital at the time with the
plaintiff for his surgery. She was kept apprised throughout
his surgery, including as complications developed. As a
result of being at the hospital at the time of surgery,
learing what was happening, she was subjected to great
and grievous harm and personal injury herself.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) (Rev. January 1, 2007)        CAUSE OF ACTION- General Negligence

Page 1 of 1

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

De Leon v. Bayer, et al.

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

ADR-1  1/06  (bc)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA 94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation ☐ Mediation Services of BASF ☐ Judicial Mediation
☐ Binding arbitration                                         Judge _____
☐ Non-binding judicial arbitration                            Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____


_____    _____    _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


_____    _____    _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


_____    _____    _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


☐ Additional signature(s) attached

ADR-2 3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1)   Judicial arbitration
2)   Mediation
3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

SUMMONS
(CITACIÓN JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER PHARMACEUTICAL CORPORATION, a Delaware
corporation, DOES 1 to 10C

| FOR COURT USE ONLY |
| (SOLO PARA USO DE LA CORTE) |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

LUPE DE LEON; ANNA MACIAS DE LEON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): CGC07-463504 |

Superior Court, Unlimited Jurisdiction, City and County of San Francisco
400 McAllister Street
San Francisco, CA   94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jo Ann Kingston, Esq.  (SB: 71496)          510-530-7800; fax: 510-530-7898
4200 Park Blvd., #271
Oakland, CA   94602

DATE:
*(Fecha)*       5-17-07       Gordon Park-Li       Clerk, by  Christina E. Bautista     , Deputy
                                                   *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

   BAYER PHARMACEUTICAL CORPORATION, A DELAWARE CORPORATION

3. ☒ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date):

                                      11-28-2007

Form Adopted for Mandatory Use                SUMMONS                     Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                                                    Page 1 of 1
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

De Leon v. Bayer, et al.

CASE NUMBER: CGC-07-4?  ?4 LUPE DE LEON VS. PARK PHAP ?MACEUTICAL CORPORA?

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE: OCT-19-2007

TIME: 9:00AM

PLACE: Department 212
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):    ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)    ☐ LIMITED CASE (Amount demanded is $25,000 or less) | | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**
Date:                    Time:                    Dept:            Div.:            Room:
Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties (answer one):**
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)**
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service (to be answered by plaintiffs and cross-complainants only)**
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint    ☐ cross-complaint    (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
- a. ☐ The trial has been set for *(date):*
- b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
- c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
- a. ☐ days *(specify number):*
- b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
- a. Attorney:
- b. Firm:
- c. Address:
- d. Telephone number:
- e. Fax number:
- f. E-mail address:
- g. Party represented:
- ☐ Additional representation is described in Attachment 8.

**9. Preference**
- ☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
- a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
- b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
- c. ☐ The case has gone to an ADR process *(indicate status):*

| | | |
|---|---|---|
| | | CM-110 |
| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | | |

10 d. The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under *Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)*

   (3) ☐ Nonbinding judicial arbitration under *Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)*

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in *Code of Civil Procedure section 1141.11*.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

# BASF Mediators

Koorosh Afshari
Elizabeth E. Bader
Eileen Barker
Sandra Blair
Burton F. Bohruch
Angela Bradstreet
George B. Brewster
Fred D. Butler
Keith Chrestionson
Thomas A. Cohen
Nancy de Ita
Martin H. Dodd
Paul Dubow
David H. Fielding
Robert T. Fries
Mark Goiner
Sanford Garfinkel
Gerald E. George
Matthew J. Geyer
Judith A. Gordon
Stephen J. Gorski
Laurel Ullman Gotthelf
Judge Ron Greenberg (Ret)
Paul D. Gutierrez
Arnold B. Haims

Michael D. Handlos
Lynn Hansen
John R. Heisse, II
Kay E. Henden
Frederick C. Hertz
Bruce Highman
Yolanda M. Jackson
Richard Raeger
Roberta R. Jeffrey
Kenneth F. Johnson
Steger P. Johnson
Gail Killefer
Carol M. Kingsley
Chris Knowlton
Gay O. Karnblum
Dr. Urs Lauchli
Theodora R. Lee
Arthur D. Levy
Robert T. Lynch
Sharon T. Maier
Michael L. Marx
David J. Meadows
Thomas C. Nagle
Marilyn O'Toole
Marc Poisin

Herman D. Papa
Basil Plastiras
Marco Quazzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rothstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Jason H. Stein
Michael J. Tenspane
Elizabeth A. Tippin
Charles A. Tricoy
Claudia M. Viera
Gregory D. Walker
Albert B. Wenzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

October 2006

MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS: WWW.SFBAR.ORG/ADR/MEDIATION

# PROGRAM HIGHLIGHTS

## AN EXCELLENT VALUE

- One hour of preparation and two hours of mediation time at no charge
- Low administrative fee
- Highly-qualified mediators who have met strict educational and experience requirements

## MEETS COURT REQUIREMENTS

- Participation meets the San Francisco Superior Court's Alternative Dispute Resolution requirement
- Approved alternative to court mandatory arbitration or early settlement

## WE DO THE WORK

- Mediator assignment, case administration and personal assistance by experienced Bar Association of San Francisco staff

## CHOICE AND FLEXIBILITY

- Parties participate in the mediator selection process
- Mediator biography and rate schedule provided to parties
- Parties participate in setting the mediation session date
- May be utilized before filing in court or at any time throughout the litigation process

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action.

## What is BASF's Mediation Service?

Developed by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges, the Mediation Service (formerly known as the Volunteer Early Mediation program) was established in November 2003.

The service allows parties to settle a dispute, while also satisfying the court requirement of attempting to resolve the dispute before trial.

## How does it work?

BASF's Mediation Services works quickly to help parties resolve their disputes, matching an experienced and qualified mediator to a case within days. After ensuring that a mediator does not have a conflict with the matter or the parties, BASF sends the parties a copy of the mediator's biography, which includes the mediator's billing rate. Alternatively, parties may request a specific mediator. A party may request a different mediator assignment for any reason until a mutually agreeable one is chosen.

## Who can use the service?

The service can be utilized by anyone, whether or not the dispute has been filed in court. If legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to the Bar and the community. Hourly fees beyond those three hours vary depending on the mediator selected.

BASF charges an administrative fee of $200 per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced professionals who are available to assist in most areas of the law. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators possess an average of 15 years mediation experience and 125 hours of formal mediation training.

**EXHIBIT B**

1 | Catherine Valerio Barrad (SBN 168897)
Christine K. Son (SBN 223190)
2 | J. P. Pecht (SBN 233708)
SIDLEY AUSTIN LLP
3 | 555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
4 | Telephone: (213) 896-6000
Facsimile:  (213) 896-6600
5 | cbarrad@sidley.com
cson@sidley.com
6 | jpecht@sidley.com

7 | Attorneys for Defendant
Bayer Pharmaceuticals Corporation

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### FOR THE COUNTY OF SAN FRANCISCO

10

11

12 | LUPE DE LEON and ANNA MACIAS DE LEON, ) Case No. CGC-07-463504
)
) Complaint Filed:  May 17, 2007
13 |         Plaintiffs, )
)
14 |     v. ) **ANSWER AND AFFIRMATIVE AND/OR**
) **SEPARATE DEFENSES OF DEFENDANT**
15 | ) **BAYER PHARMACEUTICALS**
BAYER PHARMACEUTICAL ) **CORPORATION TO COMPLAINT FOR**
16 | CORPORATION; DOES ONE through ONE ) **DAMAGES**
HUNDRED, and each of them, )
17 | )
        Defendants. ) **DEMAND FOR JURY TRIAL**
18 | )

19

20

21

22

23

24

25

26

27

28

**GENERAL DENIAL**

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant Bayer Pharmaceuticals Corporation denies generally and specifically each and every allegation contained in plaintiffs' unverified Complaint ("Complaint") that relates or is directed to Bayer Pharmaceuticals Corporation, or any alleged agent, servant, partner, aider and abettor, co-conspirator, joint venturer, officer, director, or employee of Bayer Pharmaceuticals Corporation, and further denies that plaintiffs were injured or damaged in any way or amount or are entitled to any relief whatsoever against Bayer Pharmaceuticals Corporation.

**SEPARATE AND ADDITIONAL DEFENSES**

In setting forth the following separate and additional defenses, Bayer Pharmaceuticals Corporation does not concede that it bears the burden of proof or persuasion as to any of them.

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.       Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted against Bayer Pharmaceuticals Corporation.

**SECOND DEFENSE**

**(Statute of Limitations)**

2.       Some or all of plaintiffs' claims are barred by applicable statutes of limitations and/or statutes of repose.

**THIRD DEFENSE**

**(Laches, Waiver and Estoppel)**

3.       Plaintiffs' claims against Bayer Pharmaceuticals Corporation are barred, in whole or in part, by laches, waiver and/or estoppel.

**FOURTH DEFENSE**

**(Failure to Mitigate Damages)**

4.       Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate alleged damages.

1

## FIFTH DEFENSE

2

### (Third Party Negligence)

3    5.    If plaintiffs sustained the injuries or incurred the expenses as alleged, which is

4  expressly denied, said injuries or expenses were directly and proximately caused by the negligence

5  or fault of parties other than Bayer Pharmaceuticals Corporation, whether named or unnamed in

6  plaintiffs' Complaint, over whom Bayer Pharmaceuticals Corporation had no supervision or control

7  and for whose actions and omissions Bayer Pharmaceuticals Corporation has no legal responsibility.

8  Plaintiffs' recovery, if any, therefore should be apportioned in accordance with the applicable law.

9

## SIXTH DEFENSE

10

### (Intervening or Superseding Cause)

11    6.    The injuries and damages claimed by plaintiffs, if any, resulted from an

12  intervening or superseding cause and/or causes, and any act or omission on the part of Bayer

13  Pharmaceuticals Corporation was not the proximate and/or competent producing cause of such

14  alleged injuries and damages.

15

## SEVENTH DEFENSE

16

### (Learned Intermediary Doctrine)

17    7.    The claims in the Complaint are barred in whole or in part by the learned

18  intermediary doctrine.  Trasylol® is a prescription pharmaceutical which was available only upon

19  the prescription of a licensed physician and is indicated for use by physicians only during certain

20  surgical procedures.

21

## EIGHTH DEFENSE

22

### (Pre-existing or Subsequent Conditions)

23    8.    The injuries or damages allegedly sustained by plaintiffs, if any, were caused,

24  in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions,

25  for which Bayer Pharmaceuticals Corporation has no legal responsibility.

26

## NINTH DEFENSE

27

### (State of the Art)

28    9.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted

1   against Bayer Pharmaceuticals Corporation in that the methods, standards, and techniques utilized

2   with respect to the design, manufacture, marketing and sale of Trasylol®, including but not limited

3   to adequate warnings and instructions with respect to the product's use included in the product's

4   package insert and other literature, conformed to the applicable state of the art. Trasylol®, including

5   its labeling approved by the United States Food and Drug Administration, complied with the state of

6   scientific and medical knowledge available at the time of its design, testing, manufacture,

7   distribution, marketing, and sale. Plaintiffs' recovery accordingly is barred.

**TENTH DEFENSE**

**(Restatement (Second) of Torts § 402A, comment k)**

10.   Plaintiffs' claims are barred as a matter of law pursuant to Restatement

(Second) of Torts § 402A, comment k.

**ELEVENTH DEFENSE**

**(Compliance with Law and Regulations)**

11.   The prescription drug Trasylol® complied with the applicable product safety

regulations promulgated by the United States Food and Drug Administration. Compliance with such

regulations demonstrates that due care was exercised with respect to the design, manufacture,

testing, marketing and sale of this prescription drug, and that it was neither defective nor

unreasonably dangerous. Plaintiffs' recovery accordingly is barred.

**TWELFTH DEFENSE**

**(Federal Preemption)**

12.   Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant

to the Supremacy Clause of the United States Constitution by reasons of the federal government's

regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs. To the

extent the requirements of California or other state law are in conflict with applicable provisions of

federal law, the requirements of state law are preempted and invalid.

**THIRTEENTH DEFENSE**

**(Unforeseeable Alteration or Misuse)**

13.   If plaintiffs sustained the injuries or incurred the expenses as alleged, which is

1   expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper

2   handling, or other unforeseeable misuse of the prescription drug Trasylol®. Plaintiffs' recovery

3   accordingly is barred.

### FOURTEENTH DEFENSE

### (Right to Petition Government)

6   14.    Any claims by plaintiffs relating to alleged communications with regulatory

7   agencies of the United States government are barred in whole or in part by operation of applicable

8   law, including First and Fourteenth Amendment rights to petition the government.

### FIFTEENTH DEFENSE

### (Unavoidable Circumstances)

11  15.    The alleged injuries and damages, if any, were the result of unavoidable

12  circumstances that could not have been prevented by any person, including Bayer Pharmaceuticals

13  Corporation.

### SIXTEENTH DEFENSE

### (Failure to Join Indispensable Parties)

16  16.    Plaintiffs' Complaint fails to join indispensable parties necessary for the just

17  adjudication of this matter.

### SEVENTEENTH DEFENSE

### (Not Defective or Unreasonably Dangerous)

20  17.    Plaintiffs' claims are barred because Trasylol® was neither defective nor

21  unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and

22  reasonably fit for its intended use. The warnings and instructions accompanying Trasylol® at the

23  time of the occurrence or injuries alleged by plaintiffs were legally adequate warnings and

24  instructions.

### EIGHTEENTH DEFENSE

### (Failure to State a Claim for Costs)

27  18.    Plaintiffs' Complaint fails to state a claim against Bayer Pharmaceuticals

28  Corporation upon which relief can be granted as to costs or pre-judgment interest.

- 4 -

1  **NINETEENTH DEFENSE**

2  **(Barred by First Amendment)**

3       19.    Plaintiffs' claims are barred in whole or in part because the commercial

4  speech relating to Trasylol® was not false or misleading and is protected under the First Amendment

5  of the United States Constitution and the applicable state constitution.

6  **TWENTIETH DEFENSE**

7  **(Primary Jurisdiction of FDA)**

8       20.    Plaintiffs' claims regarding warnings and labeling are barred in whole or in

9  part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration

10  is charged under law with determining the content of warnings and labeling for prescription drugs.

11  **TWENTY-FIRST DEFENSE**

12  **(Exclusive Regulation by FDA)**

13       21.    Plaintiffs cannot state a claim with regard to warnings and labeling for

14  prescription drugs because the remedy sought by plaintiffs is subject to the exclusive regulation of

15  the United States Food and Drug Administration.

16  **TWENTY-SECOND DEFENSE**

17  **(Abstention)**

18       22.    This Court should abstain from adjudicating plaintiffs' claims relating to

19  warnings and labeling in deference to the interpretation of regulations relating to prescription drug

20  labeling by the United States Food and Drug Administration.

21  **TWENTY-THIRD DEFENSE**

22  **(No Detrimental Reliance)**

23       23.    Plaintiffs did not detrimentally rely on any labeling, warnings or information

24  concerning Trasylol®.

25  **TWENTY-FOURTH DEFENSE**

26  **(Not Reasonably Foreseeable)**

27       24.    Plaintiffs' alleged injuries and damages, if any, were the result of an

28  idiosyncratic reaction which Bayer Pharmaceuticals Corporation could not reasonably foresee.

- 5 -

1

### TWENTY-FIFTH DEFENSE

2

#### (Settlement)

3    25.    To the extent plaintiffs have settled or will settle with any person or entity

4  with respect to the injuries asserted in the Complaint, the liability of Bayer Pharmaceuticals

5  Corporation, if any, should be reduced accordingly.

6

### TWENTY-SIXTH DEFENSE

7

#### (Plaintiffs' Claims Speculative)

8    26.    Plaintiffs' claims of injury and claims for damages are speculative.

9

10

### TWENTY-SEVENTH DEFENSE

11

#### (No Private Cause of Action)

12    27.    Plaintiffs' claims purportedly asserted under statutes and regulations relating

13  to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or

14  create any private cause of action.

15

### TWENTY-EIGHTH DEFENSE

16

#### (Failure to Plead Fraud with Particularity)

17    28.    Plaintiffs' purported allegations of fraud, deceit, statutory fraud,

18  misrepresentation, suppression, omission, concealment and deception are not pleaded with

19  particularity.

20

### TWENTY-NINTH DEFENSE

21

#### (Failure to State a Claim for Fraud)

22    29.    Plaintiffs' Complaint fails to state a claim for fraud, deceit, statutory fraud,

23  misrepresentation, concealment, suppression, omission and/or deception.

24

### THIRTIETH DEFENSE

25

#### (Failure to State a Claim for Punitive Damages)

26    30.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted

27  for punitive or exemplary damages.

28

**THIRTY-FIRST DEFENSE**

**(Punitive Damages Barred For Failure To Produce Evidence)**

31.    Bayer Pharmaceuticals Corporation denies any conduct for which punitive or exemplary damages could or should be awarded and denies that plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive or exemplary damages against Bayer Pharmaceuticals Corporation pursuant to the applicable standard(s) of proof.

**THIRTY-SECOND DEFENSE**

**(Imposition of Punitive Damages Would Be Unconstitutionally Vague and/or Overbroad)**

32.    Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Pharmaceuticals Corporation's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate Bayer Pharmaceuticals Corporation's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States, California, and any other applicable State constitution.

**THIRTY-THIRD DEFENSE**

**(Imposition of Punitive Damages Would Be Unconstitutional – Procedural Safeguards)**

33.    Plaintiffs cannot recover punitive or exemplary damages against Bayer Pharmaceuticals Corporation because such an award, which is penal in nature, would violate Bayer Pharmaceuticals Corporation's constitutional rights under the United States Constitution and any applicable State constitution, unless Bayer Pharmaceuticals Corporation is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**THIRTY-FOURTH DEFENSE**

**(Imposition of Punitive Damages Would Be Unconstitutional – Interstate Commerce)**

34.    Any imposition of punitive or exemplary damages in this case against Bayer Pharmaceuticals Corporation would contravene the Commerce Clause of the United States

- 7 -

1    Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden

2    on interstate commerce.

3    **THIRTY-FIFTH DEFENSE**

4    **(Procedures for Imposition of Punitive Damages Would Be Unconstitutional)**

5    35.    Plaintiffs' claim for punitive or exemplary damages is barred by the United

6    States Constitution and any applicable State constitution on grounds including the following:

7    (a)    the procedures pursuant to which punitive or exemplary damages may be awarded fail

8    to provide specific standards for the amount of the award against Bayer

9    Pharmaceuticals Corporation;

10    (b)    the procedures pursuant to which punitive or exemplary damages may be awarded

11    result in the imposition of different penalties for the same or similar acts;

12    (c)    the procedures pursuant to which punitive or exemplary damages may be awarded

13    permit the imposition of punitive or exemplary damages in excess of the maximum

14    criminal fine for the same or similar conduct; and

15    (d)    the procedures pursuant to which punitive or exemplary damages may be awarded are

16    subject to no predetermined limit, such as a maximum multiple of compensatory

17    damages or a maximum amount, on the amount of punitive or exemplary damages

18    that a jury may impose, thus providing no protection against multiple awards for the

19    same course of conduct.

20    **THIRTY-SIXTH DEFENSE**

21    **(Punitive Damages – Standards or Limitations)**

22    36.    With respect to plaintiffs' demand for punitive or exemplary damages, Bayer

23    Pharmaceuticals Corporation specifically incorporates by reference any and all standards or

24    limitations regarding the determination and enforceability of punitive or exemplary damages awards

25    under California Civil Code sections 3294 and 3295 or other applicable State law.

26    **THIRTY-SEVENTH DEFENSE**

27    **(Punitive Damages Unavailable)**

28    37.    No act or omission of Bayer Pharmaceuticals Corporation was intentional,

- 8 -

**BAYER PHARMACEUTICALS CORPORATION'S ANSWER**

1  reckless, willful misconduct, wanton, reckless, and/or with actual malice, oppression, and/or fraud as

2  defined in California Civil Code section 3294, or done with reckless disregard for the safety of

3  plaintiffs, or with conscious disregard and indifference to the rights, safety and welfare of plaintiffs,

4  or evidencing that entire want of care which would raise the presumption of conscious indifference

5  to the consequences, and therefore any award of punitive or exemplary damages is barred.  Bayer

6  Pharmaceuticals Corporation asserts any statutory or judicial protection from punitive or exemplary

7  damages that is available under the applicable law, and any award of punitive or exemplary damages

8  is barred.

## THIRTY-EIGHTH DEFENSE

### (Punitive Damages Barred by Compliance with Industry Standards)

11          38.     The claim for punitive or exemplary damages against Bayer Pharmaceuticals

12  Corporation cannot be sustained under California law because, in all respects pertinent to this action,

13  Bayer Pharmaceuticals Corporation complied with applicable industry standards and did not engage

14  in a deliberate course of conduct which knowingly endangered those using Trasylol®.

## THIRTY-NINTH DEFENSE

### (Punitive Damages Exceed Legally Permissible Limits)

17          39.     Plaintiffs' Complaint seeks damages in excess of those permitted by law.

18  Bayer Pharmaceuticals Corporation asserts any statutory or judicial protection from punitive or

19  exemplary damages that is available under the applicable law, and any award of punitive or

20  exemplary damages is barred.

## FORTIETH DEFENSE

### (Conduct Not Misleading, Unfair or Deceptive)

23          40.     Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising

24  or for deceptive business practices under California Business & Professions Code sections 17200

25  and 17500 and California Civil Code section 1750 because Bayer Pharmaceuticals Corporation's

26  labeling and advertising for Trasylol® was not misleading, unfair or deceptive.

27

28

1

**FORTY-FIRST DEFENSE**

2

**(Conduct Not Unlawful)**

3      41.    Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising

4  or for deceptive business practices under California Business & Professions Code sections 17200

5  and 17500 and California Civil Code section 1750 because Bayer Pharmaceuticals Corporation's

6  labeling and advertising for Trasylol® was not unlawful.

7

**FORTY-SECOND DEFENSE**

8

**(Barred by Due Process Protections)**

9      42.    Plaintiffs' claims are barred in whole or in part because California Business &

10  Professions Code sections 17200 and 17500 and California Civil Code section 1750 are

11  insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the

12  Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and

13  Article 1, Section 7 of the California Constitution.

14

**FORTY-THIRD DEFENSE**

15

**(Unconstitutional Burden On Interstate Commerce)**

16      43.    Plaintiffs' claims are barred in whole or in part because California Business &

17  Professions Code sections 17200 and 17500 and California Civil Code section 1750

18  unconstitutionally burden interstate business practices relating to prescription drugs, which are

19  heavily regulated by the FDA.

20

**FORTY-FOURTH DEFENSE**

21

**(Collateral Source)**

22      44.    To the extent plaintiffs are seeking recovery for benefits entitled to be

23  received or actually received from any other source of injuries alleged in the Complaint, such

24  benefits are not recoverable in this action under applicable law.

25

**FORTY-FIFTH DEFENSE**

26

**(Standing)**

27      45.    One or more of the plaintiffs are not the real parties in interest or lack the

28  capacity and/or standing to bring the claims asserted in the Complaint.

- 10 -

1                           **FORTY-SIXTH DEFENSE**

2                         **(No Loss of Money or Property)**

3         46.    Plaintiffs have not sustained an ascertainable loss of money or property

4 because of the alleged use of Trasylol®.

5                        **FORTY-SEVENTH DEFENSE**

6                           **(No Actual Injury)**

7         47.    Plaintiffs have not suffered any actual injury or damages because of the

8 alleged use of Trasylol® as sold by Bayer Pharmaceuticals Corporation.

9                        **FORTY-EIGHTH DEFENSE**

10 **(Contributory Negligence or Fault and/or Comparative Negligence or Fault)**

11         48.    The acts and omissions of plaintiffs and/or other persons or entities, whether

12 named or unnamed in plaintiffs' Complaint, over whom Bayer Pharmaceuticals Corporation had no

13 supervision or control and for whose actions and omissions Bayer Pharmaceuticals Corporation has

14 no legal responsibility, caused and/or contributed to the alleged damages, thereby barring or

15 reducing the amount of recovery under the doctrine of contributory negligence or fault and/or

16 comparative negligence or fault. Plaintiffs' recovery, if any, therefore is barred or should be reduced

17 and/or apportioned in accordance with applicable law.

18                         **FORTY-NINTH DEFENSE**

19                           **(Net Benefits)**

20         49.    Plaintiffs' claims are barred because Trasylol® provides net benefits for a

21 class of patients.

22                            **FIFTIETH DEFENSE**

23              **(Incorporate Defenses of Other Defendants)**

24         50.    Bayer Pharmaceuticals Corporation adopts and incorporates by reference all

25 defenses pleaded or to be pleaded by other defendants except to the extent that they are inconsistent

26 with Bayer Pharmaceuticals Corporation's defenses pleaded in this Answer.

27

28

## FIFTY-FIRST DEFENSE

### (No Waiver of Defenses)

51.    Bayer Pharmaceuticals Corporation reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

WHEREFORE, Bayer Pharmaceuticals Corporation prays for judgment as follows:

1.    That plaintiffs take nothing by way of their Complaint or any of its purported claims for relief;

2.    That the Complaint be dismissed with prejudice in its entirety;

3.    That judgment be entered in favor of Bayer Pharmaceuticals Corporation;

4.    That Bayer Pharmaceuticals Corporation be awarded its cost of suit incurred in this action, including attorneys' fees; and

5.    That Bayer Pharmaceuticals Corporation be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Bayer Pharmaceuticals Corporation respectfully requests that a jury try the issues in this matter.

Dated: December _2_, 2007

SIDLEY AUSTIN LLP
Catherine Valerio Barrad
Christine K. Son
J. P. Pecht

By: _J. P. Pecht_
     J. P. Pecht
     Attorneys for Defendant Bayer
     Pharmaceuticals Corporation

- 12 -

1                           **PROOF OF SERVICE**

2 STATE OF CALIFORNIA       )
                              ) ss

3 COUNTY OF LOS ANGELES   )

4           I am employed in the County of Los Angeles, State of California. I am over the age

5 of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite

6 4000, Los Angeles, California 90013-1010.

7           On December 6, 2007, I served the foregoing document described as **ANSWER**

8 **AND AFFIRMATIVE AND/OR SEPARATE DEFENSES OF DEFENDANT BAYER**

9 **PHARMACEUTICALS CORPORATION TO COMPLAINT FOR DAMAGES** on all

10 interested parties in this action as follows (or as on the attached service list):

11

12 Jo Ann Kingston
4200 Park Blvd., #271

13 Oakland, California 94602

14

15 ☒   (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true
copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I

16 placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley
Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for

17 collection and processing of correspondence for mailing with the United States Postal Service.
Under that practice, the correspondence would be deposited in the United States Postal Service on

18 that same day in the ordinary course of business.

19           I declare under penalty of perjury under the laws of the State of California that the

20 above is true and correct.

21

22           Executed on December 6, 2007, at Los Angeles, California.

23

24                             Deborah J. Kelly

25

26

27

28

                                    - 13 -

**EXHIBIT C**

California Secretary of State - California Business Search - Corporation ...    http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C24...

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search Corporations**

**Printer Friendly Page**

**New Search**

**Search Tips**

**Field Definitions**

**Status Definitions**

**Name Availability**

**Corporate Records**

**Business Entities Records Order Form**
   Certificates
   Copies
   Status Reports

**FAQS**

**Corporations Main Page**

**Site Search**

## Corporations

The information displayed here is current as of "NOV 30, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

BAYER PHARMACEUTICALS CORPORATION

**Number:** C2496335    **Date Filed:** 1/31/2003    **Status:** active

**Jurisdiction:** DELAWARE

### Address

400 MORGAN L

WEST HAVEN, CT 06516

### Agent for Service of Process

CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE

PO BOX 526036

SACRAMENTO, CA 95852

Printer Friendly

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

**EXHIBIT D**

6   San Francisco Daily   Wednesday, July 25, 2007

## SEAFOOD DINNER
### $15.95
- Soup & Salad
- Tuna Sashimi
- Sake & Avocado Roll
- Shrimp & Vegetable Tempura
- Salmon Teriyaki

**SUSHI** on North Beach
745 Columbus Ave
(415) 788-8050



## JAZZ AT NIK'S
**Wed 7-25 Joe Bagale**
**Thu 7-26 Chas Gaudi**
**Sat & Sun Open at 2pm**

North Beach • 1534 Stockton • 693-0990

## NEWS

# Bayer blamed for coma

BY ALISA KNIFE-DUNCAN
*San Francisco Daily Staff Writer*

Lupe De Leon, a veteran Bay Area music promoter and agent, is suing Bayer Pharmaceutical Corp. for allegedly concealing problems with a drug he was given during surgery that put him into a coma for three to four months, and gave him a heart attack.

De Leon and wife Anna Macias De Leon, residents of Sausalito and Guernville, claim the pharmaceutical giant concealed studies saying the drug Trasylol, a drug used to reduce bleeding during complex surgery, was found to carry a high risk of renal failure, heart failure, death and anaphylactic shock.

Lupe De Leon was a strong, healthy man who played tennis the day before he underwent heart surgery at Kaiser Hospital in San

### Music promoter says drug caused heart attack, too

Francisco, said his attorney Jo Ann Kingston. The lawsuit claims that during the May 18, 2005 operation he was given Trasylol and then went into a coma and suffered a heart attack. He also suffered renal failure, pulmonary failure, anaphylactic shock and other complications, the suit claims.

**Studies withheld from doctors**

The lawsuit alleges that Bayer intentionally failed to disclose their studies showing Trasylol was inappropriate and unsuitable for patients like De Leon during surgery.

Kingston claims the doctors only gave De Leon a 5 percent chance to survive. His fiancee at the time, Anna, vowed to "pull him back from the jaws of death." They were married shortly after he awoke from the coma while he was still in a wheelchair.

Kingston adds that De Leon's business as a promoter, producer and manager to Etta James, among others, had to be put on hold for his recovery. He is on the mend and getting his life back together, Kingston said.

**Bayer apologized**

Six months after De Leon's surgery Bayer made a public apology for not notifying doctors sooner about the concerns with Trasylol.

Bayer officials could not be reached for comment.

# Mercy-killing M.D. off hook

A New Orleans grand jury refused yesterday to indict a doctor accused of murdering four seriously ill hospital patients with drug injections during the desperate aftermath of Hurricane Katrina, closing the books on a mercy-killing case that emerged from the storm.

Dr. Anna Pou acknowledged administering medication to the patients but insisted she did so only to relieve pain.

If another hurricane threat-

ened, Pou said yesterday, she would stay on hospital duty "in a heartbeat." But she is concerned her case will keep other medical professionals from remaining with patients during storms.



POU

## Tibetan gift corner
1584 HAIGHT ST
252-9512



## The Barking Lot
**All Breed Dog & Cat Grooming Salon**
### $10 OFF
w/ad mention, for new clients

3239 Balboa St. (between 33rd & 34th Ave)
831-BARK(2275) Open Tues-Sat • barkinglotsf.com



## SAME GREAT FOOD, NEW GREAT LOCATION
THE FRONT ROOM

# We've Moved!
**1550 California St.** @ Polk (between Sofia's & Encore Karaoke)

Come Celebrate our 40th Anniversary with us!

*San Francisco's Favorite Pizza Since 1967*

**771-1591**   www.thefrontroomsf.com



# Which costly mistakes will you make when selling your home

San Francisco – A new report has just been released which reveals 7 costly mistakes that most homeowners make when selling their home and a 9 Step System that can help you sell your home fast and for the most amount of money.

This industry report shows clearly how the traditional ways of selling homes have become increasingly less and less effective in today's market. The fact of the matter is that fully three quarters of homesellers don't get what they want for their home and become disillusioned and worse- financially disadvantaged when they put their home on the market.

As this report uncovers, most homesellers make 7 deadly mistakes that cost them literally thousands of dollars. The good news is that each and every one of these mistakes is entirely preventable. In answer to this issue, industry insiders have prepared a free special report entitled "The Nine Step System to Get Your Home Sold Fast and For Top Dollar".

To hear a brief recorded message about how to order your free copy of this report, call 1-888-209-8184 and enter ID# 1101. You can call anytime, 24 hours a day, 7 days a week. Call NOW to find out how you can get the most money for your home.

This report is courtesy of Marc Etan, Realtor, Century 21 Hartford Properties. Not intended to solicit properties currently listed for sale.



DOG WALKING · TRAINING CLASSES & MORE

## PAWSITIVE TAILS
*A Paws-On Approach to Animal Behavior, Training & Care*

### Dog Walking Services
Safe-Secure Transport. Insured and Bonded

### 25% OFF
**FIRST MONTH**
w/ad mention

www.sfpawsitivetails.com • 202.4146
pawsitivetails@gmail.com



## THE CRESTLINE GROUP
Seminars • Meetings • Conferences
Lead Services • Order Taking
Complete Event Coordination
Literature Fulfillment

"Complete Telemarketing Services. Our commitment is to serve and represent our valued clients with the highest degree of accuracy and professionalism, keep in mind that to the people we contact, we are that company."
- The Crestline Group

(415) 242-5000
www.crestlinegroup.com

1

## PROOF OF SERVICE

2

3  STATE OF CALIFORNIA        )
                              )  ss
4  COUNTY OF LOS ANGELES )

5

6          I am employed in the County of Los Angeles, State of California.  I am

7  over the age of 18 years and not a party to the within action.  My business address is

8  555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

9          On December 7, 2007, I served the foregoing document described as

10 **DEFENDANT BAYER PHARMACEUTICALS CORPORATION'S NOTICE**

11 **OF REMOVAL** on all interested parties in this action as follows (or as on the

12 attached service list):

13

14 Jo Ann Kingston
   4200 Park Blvd., #271
15 Oakland, California 94602

16

17 ☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:
   I placed true copies of the document(s) in a sealed envelope addressed to each
18 interested party as shown above.  I placed each such envelope with postage thereon
   fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles,
19 California.  I am readily familiar with Sidley Austin LLP's practice for collection and
   processing of correspondence for mailing with the United States Postal Service.
20 Under that practice, the correspondence would be deposited in the United States
   Postal Service on that same day in the ordinary course of business.

21          I declare under penalty of perjury under the laws of the United States of
22 America that the above is true and correct.

23          Executed on December 7, 2007, at Los Angeles, California.

24

25                                    _Deborah J. Kelly_
                                      Deborah J. Kelly
26

27

28                                      7