LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

KHALDOUN A. BAGHDADI (State Bar #190111)
EMILY C. WECHT (State Bar #240106)
**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE DE LEON and ANNA MACIAS DE LEON,<br><br>Plaintiff,<br><br>v.<br><br>BAYER PHARMACEUTICALS CORPORATION, BAYER HEALTHCARE PHARMACEUTICALS CORPORATION and DOES ONE through ONE HUNDRED, and each of them,<br><br>Defendants. | Case No. CV 07-06206 CW<br><br>**FIRST AMENDED COMPLAINT**<br><br>Causes of Action<br>1.   Negligence<br>2.   Strict Liability – Failure to Warn<br>3.   Violation of Statute – Negligence Per Se<br>4.   Deceit by Concealment – California Civil Code §§ 1709-1710<br>5.   Loss of Consortium<br><br>JURY TRIAL DEMANDED |

**FIRST CAUSE OF ACTION**
[Negligence]

Comes now plaintiff Lupe De Leon and for a First Cause of Action complains of defendants Bayer Pharmaceuticals Corporation and Does One through Fifty, and each of them, and alleges as follows:

1.    The true names, capacities or involvement, whether individual, corporate, governmental or associate of the defendants named herein as Doe, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff prays leave to amend this complaint to show their true names and capacities, when the same have been finally determined.

Plaintiff is informed and believes, and upon such information and belief alleges, that each of the defendants designated herein as Doe is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages legally thereby to plaintiff as is hereinafter alleged.

2.  At all times herein mentioned, each and every of the defendants herein was the agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

3.  At all times herein mentioned, defendants Bayer Pharmaceuticals Corporation, and Does One through Twenty-Five, and each of them, were corporations and other businesses licensed to do and doing business within the State of California, and more particularly, within the City and County of San Francisco. At all relevant times, said defendants were engaged in the business of testing, manufacturing, distributing, marketing and selling prescription drugs and over the counter medications and products, including the drug Trasylol (also known as aprotinin injection). At all relevant times the defendants herein marketed, sold and distributed Trasylol within the City and County of San Francisco.

4.  At all relevant times herein, plaintiff Lupe De Leon was prescribed and administered the drug Trasylol while a patient at Kaiser Foundation Hospital, San Francisco.

5.  Prior to May 16, 2005, defendants Bayer Pharmaceuticals Corporation, and Does One through Fifty compounded, tested, failed to test, manufactured, distributed, marketed and sold the drug Trasylol for patients undergoing cardiac surgery.

6.  On May 16, 2005, plaintiff Lupe De Leon underwent cardiac surgery during which he was prescribed and administered the drug Trasylol.

7.  In and prior to May of 2005, defendant Bayer Pharmaceuticals Corporation, and Does One through Fifty were aware of dangerous, harmful, and potentially fatal side effects, complications and reactions of the drug above described as well as its contra-indications for use in a patient such as plaintiff Lupe De Leon. Such risks included but were not limited to cardiac failure and renal failure.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

8. In and prior to May of 2005, defendants Bayer Pharmaceuticals Corporation, and Does One through Fifty, and each of them, advertised, promoted and marketed to medical professionals the prescription drug Trasylol. In connection with such marketing, advertising and promoting, defendants Bayer Pharmaceuticals Corporation, and Does One through Fifty, and each of them, failed and omitted to accurately describe all known or knowable side effects, complications and risks of physical injury, including the risk of cardiac failure and renal failure associated with the use of the drug Trasylol in patients undergoing cardiac surgery.

9. In connection with the marketing of the drug Trasylol defendants sought to create an image, impression and belief in potential prescribers, that the utilization of Trasylol was safe for persons undergoing cardiac surgery, had fewer side effects and/or adverse reactions than other drugs used to prevent blood loss during cardiac surgery, and was more effective than other drugs used to prevent blood loss during cardiac surgery.

10. In and prior to May of 2005, defendant Bayer Pharmaceuticals Corporation, and Does One through Fifty, and each of them, in connection with their advertising and marketing of the above-described drug, understated the state of their actual knowledge regarding the health hazards and risks associated with the utilization of Trasylol in cardiac surgery, for the purpose of promoting and increasing sales, use, and prescription of said drug.

11. Having obtained information concerning the uses and benefits of Trasylol from defendant Bayer Pharmaceuticals Corporation, and Does One through Fifty, plaintiff, Lupe De Leon's treating physicians prescribed and administered Trasylol to him in connection with his cardiac surgery.

12. In and prior to May of 2005, defendants Bayer Pharmaceuticals Corporation, and Does One through Fifty, and each of them, had a duty to properly, carefully, and non-negligently formulate, manufacture, test, research, label, advertise, and sell Trasylol.

13. At all relevant times herein, defendants Bayer Pharmaceuticals Corporation, and Does One through Fifty, and each of them, were negligent and careless in and about their testing, promoting, advertising, marketing, labeling, warning and sale of the above-described drug, and further, said defendants and each of them negligently and carelessly failed to adequately test said

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

1  drug and/or to warn of its known or knowable side effects, risks and dangers in such a way as to
2  make such warnings and instructions efficacious.

3        14.     On May 16, 2005, Lupe De Leon sustained a myocardial infarction and kidney
4  failure and was put into a pharmacologically-induced comma. The myocardial infarction and
5  kidney failure were direct and legal results of the negligence and carelessness of defendants Bayer
6  Pharmaceuticals Corporation, and Does One through Fifty.

7        15.     By reason of the premises, plaintiff Lupe De Leon suffered injury to his
8  cardiovascular and renal systems, as well as other injuries presently undiagnosed. Plaintiff is
9  informed and believes and therefore alleges upon such information and belief that certain of said
10 injuries will be permanent in nature, the extent of said permanent injuries being at this time
11 unknown to plaintiff.

12       16.     By reason of the premises, it became necessary for plaintiff to incur expenses for
13 medical care and treatment, and related costs and expenses required in the care and treatment of
14 said injuries, and plaintiff's damage in this respect is presently unascertained as said services are
15 still continuing and plaintiff prays leave to insert his elements of damage in this respect when the
16 same are finally determined.

17       17.     By reason of the premises, plaintiff has suffered a past wage loss and has been
18 rendered disabled to his special damage in a presently unascertained sum as said loss is still
19 continuing, and has sustained a loss of earning capacity. Plaintiff prays leave to amend this First
20 Amended Complaint to insert his losses in this respect when the same are finally determined.

21       18.     Plaintiff did not discover and could not reasonably have discovered the negligence
22 and carelessness of the defendants and each of them, as herein alleged until a date on or after
23 September 30, 2006 when the defendants first acknowledged that they had failed to disclose
24 relevant information to the Food and Drug Administration and other regulators in connection with
25 efforts to market Trasylol. Neither defendants' actions and omissions in connection with the drug
26 Trasylol nor the side effects, complications, and dangers associated with Trasylol were known by
27 plaintiff or reasonably knowable to plaintiff until that time. Accordingly, this action is timely
28 filed.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

19.  Defendant Bayer Pharmaceuticals Corporation was the Bayer entity that conducted Trasylol business in the United States from January 1, 2003 to January 1, 2008. On January 1, 2008, defendant Bayer Pharmaceuticals Corporation was merged with and into defendant Bayer HealthCare Pharmaceuticals, Inc. As a consequence of the merger, plaintiffs are informed and believe, and relying on said information and belief allege that defendant Bayer Pharmaceuticals Corporation no longer exists as a separate corporate entity.

20.  Defendant Bayer HealthCare Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Wayne, New Jersey. Defendant Bayer HealthCare Pharmaceuticals, Inc. is now the entity conducting Trasylol business in the United States and is legally responsible for the actions, omissions, and liabilities of defendant, Bayer Pharmaceuticals Corporation as herein above and hereinafter described.

WHEREFORE plaintiff prays judgment against defendants and each of them as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Strict Liability – Failure to Warn]

Plaintiff Lupe De Leon complains of defendants and each of them and for a Second Cause of Action allege as follows:

21.  Plaintiff hereby refers to, realleges, and incorporates by this reference, each and every allegation of each and every paragraph of the First Cause of Action, and make them a part of this, the Second Cause of Action as though set forth in full.

22.  The drug Trasylol was defective at the time of its marketing, sale and distribution, in that said drug and its warnings, instructions and directions for use were inadequate. The instructions, directions and warnings failed to warn of the dangerous propensity of the drug for cardiac failure, renal failure, and cardiac surgery complications which such risks were known or reasonably scientifically knowable to the defendants at the time the said drug was marketed and prescribed for the decedent. Plaintiff Lupe De Leon's cardiac failure and renal failure were caused by the failure to provide adequate warning and instructions by the defendants, and each of them.

23.  At all times herein mentioned defendant Bayer Pharmaceuticals Corporation, and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

Does One through Fifty, and each of them, knew the product was to be used by health care professionals in reliance on defendants' representations, warnings, and instructions. Plaintiff Lupe De Leon's treating health care professionals neither knew nor had reason to suspect at the time of their use of Trasylol of the existence of the characteristics, contraindications and/or dangers of which defendants failed to warn or instruct.

24. By reason of the premises, plaintiff Lupe De Leon was caused to suffer the injuries and damages herein above and hereinafter set forth.

25. By reason of the premises defendants Bayer Pharmaceuticals Corporation and Does One through Fifty are strictly liable in tort to plaintiff.

WHEREFORE, plaintiff prays judgment against defendants and each of them as hereinafter set forth.

### THIRD CAUSE OF ACTION

### [Violation of Statute – Negligence Per Se]

Plaintiff complains of defendants and for a Third Cause of Action allege as follows:

26. Plaintiff hereby refers to, realleges, and incorporates by reference, each and every allegation of the First and Second Causes of Action, and makes them a part of this, the Third Cause of Action as though set forth in full.

27. At all times herein mentioned the defendants, and each of them, had an obligation not to violate the law in the marketing, labeling, packaging, warning of risks and distribution instructions for the utilization of the aforementioned drug.

28. At all times herein mentioned, the defendants, and each of them, violated the California Health and Safety Code, and in particular, §§110290, 110390, 110395, 110400, 110403 and 110413, in that, among other things, the warnings, instructions, advertising and labeling of the above-described drug failed and omitted to accurately and properly inform or advise consumers and medical professionals (including decedent and decedent's medical professionals) of the risk and danger of cardiac failure, renal failure, and cardiac surgery complications in a manner that was factual and accurate in degree and extent.

29. Defendants and each of them failed to comply with the standard of care established

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

by the above-described statutes which such regulations and statutes were intended for the benefit of medical professionals, such as those treating decedent, and consumers, such as decedent.

30. The labeling and packaging for the drug did not describe all known instances of cardiac complications, renal failure, cardiac failure, and death occurring in the United States and elsewhere; there was inadequate information regarding the special care to be exercised by prescribing doctors for safe and effective use of the drug Trasylol; there was inadequate information provided to patients for the safe and effective use of the drug Trasylol; the labeling, instructions, and warnings failed to properly advise and warn of the risk of cardiac failure; the labeling, packaging and instructions were misleading in violation of Health & Safety Code §§111330 and 110290; and, the defendants advertising and representations regarding the drug were not accurate, unambiguous or clear, in violation of relevant Health & Safety code provisions, including but not limited to, Health & Safety Code §110390.

31. Plaintiff Lupe De Leon's cardiac failure and renal failure were direct and legal results of defendants' violations of the statutes above-described, and plaintiff was caused to suffer and sustain the injuries and damages herein above and hereinafter set forth by reason of said violations.

WHEREFORE, plaintiff prays judgment against defendants and each of them as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### [Deceit by Concealment – California Civil Code §§ 1709-1710]

Plaintiff complains of defendants Bayer Pharmaceuticals Corporation and Does One through Fifty and for a Fourth Cause of Action allege as follows:

32. Plaintiff hereby refers to realleges and incorporates by reference, each and every allegation of the First, Second, and Third Causes of Action, and makes them a part of this, the Fourth Cause of Action as though set forth in full.

33. Defendants Bayer Pharmaceuticals Corporation and Does One through Fifty, and each of them, during the time that the above-described drug was marketed, distributed, sold and advertised, deceived the plaintiff Lupe De Leon, plaintiff Lupe De Leon's physicians, and other

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

consumers and physicians by concealing from such persons the true facts concerning the drug Trasylol, which the defendants as, makers, marketers, advertisers, sellers and distributors had a duty to disclose.

34. Prior to the date on which plaintiff Lupe De Leon was prescribed and administered Trasylol, the defendants failed and omitted to properly disclose to decedent, his physicians, or the general public, their true knowledge regarding the frequency and extent of cardiac failure and renal failure, as well as complications identified in the defendants' own internal studies.

35. Notwithstanding actual knowledge by the defendants about risks of cardiac failure and renal failure defendants knowingly and purposely continued to misrepresent and under-represent the actual known number of cases of cardiac failure renal failure, and other complications, and failed and omitted to compose, circulate, and publicize appropriate warnings and instructions for use prior to plaintiff's cardiac failure.

36. In addition to the defendants' failure to identify and warn of known cases of cardiac failure and death the defendants and each of them, failed and omitted to report all adverse drug effects (ADE's) to the Federal Drug Administration. Notwithstanding the fact that the defendants, and each of them, received knowledge and notice of cardiac failure, and death associated with the use of Trasylol, the defendants did not transmit all of said information to the FDA.

37. At all times herein mentioned, the defendants, and each of them, conducted a sales, advertising, and marketing campaign to promote the sale of the drug Trasylol and willfully deceived consumers and physicians, including the decedent and his physicians, and the general public as to the health risks and consequences of the use of the drug Trasylol in connection with cardiac surgery.

38. At all relevant times the defendants, and each of them, were aware that the above-described drug was hazardous to the health of certain consumers, and that said drug had a known propensity to cause cardiac failure, renal failure, and other complications, but defendants failed and omitted to disclose and communicate such knowledge.

39. At all relevant times the defendants purposefully and intentionally concealed the true facts concerning the serious risks of the drug Trasylol with the specific intent to increase and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

maintain sales and avoid any decrease or interruption of physicians prescribing said drugs to their patients. Defendants' motivation in this respect was to promote the sale of the product, and to generate profit, knowing that if prescribing physicians had all of the true facts regarding the drug Trasylol, such physicians would not prescribe said drug.

40. Plaintiff sustained the injuries herein above and hereinafter described as a direct and legal result of the matters above described, and as a legal result of the deceitful conduct by the defendants.

WHEREFORE, plaintiff prays judgment against defendants and each of them as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### [Loss of Consortium]

Comes now Ana Macias De Leon and complains of defendants Bayer Pharmaceuticals Corporation and Does One through Fifty and for a Fifth Cause of Action alleges as follows:

41. Plaintiff hereby refers to realleges and incorporates by reference, each and every allegation of the First, Second, Third, and Fourth Causes of Action, and makes them a part of this, the Fifth Cause of Action as though set forth in full.

42. By reason of the injuries sustained by her spouse, Lupe De Leon, plaintiff Ana Macias De Leon has suffered a loss of her spouse's care, comfort and consortium, including but not limited to, his affection, society, emotional support, assistance in the maintenance of the familial home, services and companionship all in an amount in excess of the minimum jurisdictional limits of this Court.

///
///
///
///
///
///
///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
FIRST AMENDED COMPLAINT - CASE NO. CV 07-06206 CW

1  WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, jointly
2  and severally as follows:
3      A. For general (non-economic) damages according to proof at the time of trial;
4      B. For special (economic) damages according to proof at the time of trial;
5      C. For prejudgment interest as permitted by law;
6      D. For costs of suit incurred herein; and
7      E. For such other and further relief as this Court may deem proper.

9  Dated: 6/29/08                WALKUP, MELODIA, KELLY & SCHOENBERGER

                                 _____
                                 KHALDOUN A. BAGHDADI
                                 Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all causes of action.

Dated: 6/29/08                   WALKUP, MELODIA, KELLY & SCHOENBERGER

                                 _____
                                 KHALDOUN A. BAGHDADI
                                 Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE (F.R.C.P. §5)

I am over the age of eighteen years and not a party to the within action; I am employed at Walkup, Melodia, Kelly & Schoenberger, and my business address is 650 California Street, San Francisco, California 94108.

On the date below I served the following document(s):

**SUMMONS ON FIRST AMENDED COMPLAINT**

to:

| *Counsel for Bayer Corporation and BHCP:* | *For BHCAG:* |
|---|---|
| Douglas A. Pearson, Esq.<br>100 Bayer Road, Building 14<br>Pittsburgh, PA  15205-9741 | Alexander Bey, Esq.<br>General Counsel<br>Bayer Healthcare AG<br>Law and Patents Department<br>51368 Leverkusen<br>Germany |

__X__  BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED. I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

____  BY PERSONAL SERVICE. I caused such document(s) to be delivered by hand to the office of the person(s) listed above.

____  BY FEDERAL EXPRESS. I caused such document(s) to be delivered by Federal Express to the office of the person(s) listed above.

____  BY FACSIMILE TRANSMISSION. I caused such document(s) to be delivered by facsimile transmission at or about <u>Enter time</u> on that date. This document was transmitted by using a facsimile machine telephone number (415) 391-6965. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) are as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 30, 2008, at San Francisco, California.

_____
Elizabeth Yates

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

PROOF OF SERVICE: SUMMONS ON FIRST AMENDED COMPLAINT